UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| JO LYNN POLLARD, an individual<br><br>         Plaintiff,<br><br>    v.<br><br>TIME INSURANCE COMPANY and ASSURANT, INC.,<br><br>         Defendants. | Case No: SACV11-01196 JST (MLGx)<br><br>**[**~~PROPOSED~~**] PROTECTIVE ORDER**<br><br>Judge: Hon. Josephine Staton Tucker<br>Date Complaint Filed: April 21, 2011 |
|---|---|

On stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED as follows:

**DEFINITIONS**

1. <u>Action</u>: "Action" shall refer to the action known as *Jo Lynn Pollard v. Time Insurance Company and Assurant, Inc.,* United States District Court for the Central District of California, Southern Division, Case No. SAC11-01196 JST (MLGx).

2. <u>Party</u>: "Party" means any plaintiff or defendant in the Action

3. <u>Counsel</u>: "Counsel" means: Ford & Serviss LLP, counsel for Plaintiff and Foley & Lardner, LLP, counsel for TIME and Assurant, and their respective support staff, including paralegals, and clerical secretarial staff.

4. <u>Discovery Material</u>: "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in response to discovery directed towards a Party or non-party in these matters.

5. <u>Designating Party</u>: "Designating Party" means a Party or non-party that designates materials or disclosures produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise), as Confidential Material or Highly Confidential Material - Attorneys' Eyes Only.

6. <u>Receiving Party</u>: "Receiving Party" means any Party to the Action and all employees, agents and directors (other than Counsel) of the Party, who receives Discovery Material.

7. <u>Producing Party</u>: "Producing Party" means a Party or non-party that produces or discloses Discovery Material in the Action.

8. <u>Conclusion of This Litigation</u>: "Conclusion of This Litigation" is defined as the date on which this Action is settled by way of enforceable agreement or on which all appeals and rights to appeal have been exhausted, whichever is earlier.

9. <u>Confidential Material</u>: "Confidential Material" means any material which has not been made public and which contains either (a) proprietary information or (b) information that is protected by state or federal privacy laws.

10. <u>Highly Confidential Material – Attorneys' Eyes Only</u>: extremely sensitive "Confidential Material" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

11. <u>Protected Material</u>: "Protected Material" means any Discovery Material, and any document embodying or disclosing the contents of such Discovery Material, that is designated as "Confidential Material" or "Highly

Confidential Material - Attorneys' Eyes Only" in accordance with the terms of this Protective Order.

## DESIGNATION OF DISCOVERY MATERIAL AS CONFIDENTIAL

12. <u>Criteria for Classification</u>

Any party or non-party who produces Discovery Material in the Action may designate such material as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" in accordance with the provisions of this Protective Order so long as they believe in good faith that the information so designated meets the definition of "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" set forth in this Protective Order.

13. <u>Time Of Designation</u>

Unless otherwise agreed between counsel for the parties, or as otherwise specified herein, the designation of Discovery Material as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" shall be made at the following times:

a. For documents or things at the time of the production of the documents or things;

b. For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of the service or filing, whichever occurs first;

c. For testimony, at the time such testimony is given by a statement designating the testimony as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" made on the record or within 10 days after receipt of the transcript of the deposition as set forth herein.

14. <u>Manner Of Designation</u>

The designation of Discovery Material as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" shall be made in the following manner:

    a.    For documents, by placing the notation "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" or similar legend on each page of such document;

    b.    For tangible things, by placing the notation "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" on the object or container thereof or if impracticable, as otherwise agreed by the parties;

    c.    For declarations, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents containing Confidential Material or Highly Confidential Material--Attorneys' Eyes Only, by placing the notation "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" both on the face of such document and on any particular designated pages of such document; and

    d.    For testimony, by orally designating such testimony as being "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" at the time the testimony is given. Alternatively, if a question asked at a pretrial deposition calls for an answer containing "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" or if the question or answer contains "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only", counsel for the party seeking confidential treatment of that information shall within 30 days after receipt of the transcript of the deposition notify all other counsel on the record or in writing that the information provided in such answer or question is considered Confidential Material and designate the specific portions or the entirety of the transcript of such deposition, which shall thereafter be subject to the provisions of this Order. Prior to the expiration of this 30 day period deposition transcripts will be considered conditionally confidential and will be treated as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only. Thereafter, the original and all copies of the "Confidential" portions of the transcript of any such testimony shall be separately bound and marked by the Court

Reporter with an appropriate legend and shall be disclosed only in accordance with the provisions of this Protective Order.

15. <u>Resolution Of Disputes Regarding Designation</u>

a. The acceptance by a party of Discovery Material marked as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" shall not constitute an admission or concession or permit an inference that such designation is appropriate. However, Discovery Material marked as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" shall be treated as designated unless the receiving party follows the following procedures to remove, change or otherwise declassify the designation:

b. If a Receiving Party at any time wishes to have the "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" designation of any particular Discovery Material removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason(s) therefore. The Parties shall then meet and confer on whether the material designated as Confidential should be considered Confidential. If the party or non-party designating the Discovery Material as Confidential refuses to agree to remove or change the designation, then the party requesting the re-designation may move the Court for an order changing the designation of the material. The party asserting protection shall have the burden of proving that such particular Discovery Material is properly designated as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only." The parties shall treat the Discovery Material as originally designated until any motion requesting re-designation of the material is decided by the Court.

16. <u>Inadvertent Disclosure</u>

Protected Material not designated as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" through mistake or inadvertence shall nevertheless be deemed confidential upon notice of such mistake to the

Receiving Party. Each party maintaining custody of such documents shall protect their confidentiality notwithstanding the fact that they have not been marked "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only"

Where a Producing Party has inadvertently produced a document that the Producing Party later claims should not have been produced because of privilege, the Producing Party may request the return of any such document by making a written request within two (2) business days of discovering that it was inadvertently produced. A request for the return of any document shall identify the document by Bates number and the basis for asserting the document (or portions thereof) is privileged and the date of discovery of the inadvertent production. If a Producing Party requests the return of any such document from another party, the party to whom the request is made shall within ten (10) days return to the Producing Party all copies of the document within its possession, custody, or control (including but not limited to all copies in possession of any experts or consultants) or shall contest the claim of privilege or inadvertent production. In the event the Receiving Party contests the claim of privilege or inadvertent production, the Producing Party may file and serve a motion or other application acceptable by the Court to obtain a judicial determination that the document is privileged. Until such a judicial determination is made, the alleged privileged document shall be afforded privileged status.

Nothing in paragraph (b) shall supersede the duties of the parties to *immediately* inform the producing party of the receipt of inadvertently disclosed privileged material. Upon demand, the receiving party will return the inadvertently produced privileged documents within five (5) business days.

**DISCLOSURE OF PROTECTED MATERIAL**

All Confidential Materials in the Action are private and confidential and shall be used by the Receiving Party only for the prosecution or defense of the Action.

17. <u>Disclosure of Protected Material to Qualified Persons</u>

Protected Material may be disclosed and copies may be provided by the Receiving Party to any of the following "qualified persons":

    a. Any Party;

    b. Counsel representing any party to the Action;

    c. Paralegal, secretarial, and clerical employees of counsel representing any Party to the Action;

    d. The Court and the Court's employees whose duties require access to information lodged or filed in connection with the Action;

    e. Any non-party support services including, but not limited to, stenographers, reporters, other persons involved in recording or transcribing testimony in the Action (including depositions and hearings); employees of copying, microfilming, or other services engaged to reproduce, scan, or store Confidential Discovery Materials in the Action;

    f. Experts and consultants retained or consulted by counsel concerning the Action and the employees of any such expert or consultant who are assisting in the work for which the expert or consultant is engaged;

    g. Any mediator who may be utilized in connection with the Action;

    h. Persons who prepared the Confidential Discovery Materials;

    i. Prior recipients of the Confidential Discovery Materials;

    j. Any other person as to whom the parties agree in writing.

It shall be the responsibility of Counsel to provide copies of this Protective Order to qualified persons receiving Protected Material, and to maintain compliance with this Protective Order by qualified persons.

18. <u>Use of Protected Material During Deposition</u>

Notwithstanding any other provision of this Protective Order, Protected Material may be disclosed and used as follows:

a. A Party or present employee of a Party may be examined and may testify concerning all Protected Material produced by that Party;

b. A former employee of a Party may be examined and may testify concerning all Protected Material produced by that Party to which that former employee has knowledge or which pertains to the period or periods of his or her employment.

c. Non-parties may be examined and may testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party (other than through inadvertent disclosure).

## USE OF PROTECTED MATERIAL

19. The Parties agree to fully cooperate with each other in ensuring that Discovery Materials that are subject to the Protective Order are not disclosed. The Parties therefore agree that Protected Material may be used as follows:

a. Protected Material, including all information derived therefrom, and all copies, summaries, abstracts, excerpts, and descriptions of such material, shall be held in confidence by the Receiving Party, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by the Receiving Party to any Party or person not entitled under the terms of this Protective Order to have access to such material, and shall not be used for any purpose other than in connection with the Action.

b. If a Party wishes to include information designated as "Confidential" in any papers filed with the Court, except discovery motions or discovery proceedings, which are addressed by paragraph 20 of this Protective Order, the following procedures shall apply:

(i) If Party has an interest in the confidentiality of the documents, then it must lodge the proposed under seal documents with the court,

following the procedures set forth in Local Rule 79-5.1, and file an application with a supporting memorandum and declarations containing the facts sufficient to support the proposed sealing order.

(ii)   If the Party does not have an interest in the confidentiality of the documents, then it must lodge the proposed under seal documents with the court, following the procedures set forth in Local Rule 79-5.1, and give notice to all other parties that (a) any party with an interest in the confidentiality of the documents has ten (10) days within which to file an application with a supporting memorandum and declarations containing facts sufficient to support the proposed sealing order, and (b) failure to timely file an application may result in the public filing of documents.

20.   Unless otherwise directed by the Court, the Party seeking to use or reference Protected Material in any discovery motion or proceeding shall file redacted documents with the Court, so that the documents do not disclose the contents of any information subject to this Protective Order.  The filing Party shall also lodge unredacted versions of the documents under seal with the Court, in accordance with this Court's procedures.

21.   Protected Material may be used in testimony at trial, offered into evidence at trial and/or at hearings on motions, used to support or oppose any motion to the Action and used to prepare for and conduct discovery in the Action subject to the restrictions in this Protective Order.

22.   Nothing in this Protective Order shall affect the admissibility into evidence of Protected Material, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.  This Protective Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of Protective Material, or seeking to rescind, modify, alter, or amend this Protective Order with respect to

specific information.  Nothing in this Protective Order shall prevent any designating party from using or disclosing its own Protected Material as it deems appropriate.

23. The designation of Discovery Material as "Confidential Material" or "Highly Confidential Material--Attorneys' Eyes Only" by a Party or the failure by a Party to object to the designation of Discovery Material as "Confidential" shall not be deemed a conclusive determination or admission that such material constitutes a trade secret of the Producing Party.

24. Nothing herein shall be construed to prevent disclosure of Protected Material if such disclosure is required by law or by order of the Court.  However, if another court or administrative agency subpoenas or orders production of Protected Material that a party has obtained under the terms of this Order, such party shall promptly notify the party or another person designating the document as Confidential of the pendency of the subpoena or order and shall not produce the Protected Material or until the designating party or person has had a reasonable time to object or otherwise to take appropriate steps to protect the Protected Material.

**RETURN OR DESTRUCTION OF DOCUMENTS OR INFORMATION**

25. No later than sixty (60) days after Conclusion Of This Litigation, each Receiving Party or other individuals subject to this Protective Order shall be under an obligation to destroy or return to the designating party any Protected Material subject to this Protective Order that is in his or her possession, custody or control, including all copies thereof.  Notice of the destruction or return of any such Protected Material shall be made by Counsel in writing, and notice of receipt thereof shall be acknowledged in writing.  Notwithstanding the foregoing provisions of this Paragraph, receiving counsel shall be entitled to retain all litigation documents containing Protected Material which become part of the official court record of the Action, including pleadings, briefs, and exhibits.

**RIGHT TO FURTHER RELIEF**

26. Nothing in this Protective Order shall abridge the right of any person to seek modification or amendment of this Order from the Court.

**RIGHT TO ASSERT OTHER OBJECTIONS**

27. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

**SURVIVAL**

28. All obligations and duties arising under this Protective Order shall survive the termination of the Action. The Court retains jurisdiction over the parties hereto and all non-party recipients of Protected Material with respect to any dispute regarding the improper use of Protected Material disclosed pursuant to this Protective Order.

**VIOLATION OF PROTECTIVE ORDER**

29. Any intentional violation of this Protective Order may constitute a contempt of Court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

**AMENDMENT OF PROTECTIVE ORDER**

30. This Protective Order may be amended by the written stipulation of the parties or by the Court upon a showing of good cause.

**PROTECTED HEALTH INFORMATION**

31. Any document or information that constitutes protected health information (PHI) as that term is used in the federal laws governing confidentiality of patient identifiable health information (e.g., Health Insurance Portability and Accountability Act of 1996, as amended by Sections 13400 through 13424 of the Health Information Technology for Economic Clinical Health Act (HITECH Act), which was enacted as a part of the American Recovery and Reinvestment Action

of 2009 (AARA)), shall be deemed to be "Confidential" regardless of whether it is or is not marked "Confidential." Nothing in this protective order requires any of the parties mark "PHI" as "Confidential."

**EXECUTION AND COUNTERPARTS**

32.   This Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

IT IS SO ORDERED.

DATED:  DECEMBER 6, 2011

HON. MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE